Citation Nr: 1536797 
Decision Date: 08/28/15 Archive Date: 09/04/15

DOCKET NO. 08-15 739 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to service connection for alcohol abuse.

2. Entitlement to service connection for postoperative residuals of right foot surgery.

3. Entitlement to service connection for a back disorder. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. S. Kelly, Counsel


INTRODUCTION

The Veteran, who is the appellant, had active service from December 1980 to December 1983.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from June 2006 and July 2009 rating determinations of the Department of Veterans Affairs (VA) Regional Office (RO) located in Oakland, California. 

The Veteran appeared at a videoconference hearing at the RO before the undersigned Veterans Law Judge in June 2015. A transcript of the hearing is of record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ) via the Appeals Management Center in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Service connection may be granted for disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310; Allen v. Brown, 7 Vet. App. 439, at 448 (1995) (holding that service connection on a secondary basis requires evidence sufficient to show that the current disability was caused or aggravated by a service-connected disability). To establish secondary service connection, the law states that there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) nexus evidence establishing a connection between a service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

The Veteran maintains that her current right foot disorder is caused or aggravated by her service-connected right ankle disorder. She reports that she started having problems with her right foot after injuring her ankle. The Veteran has indicated that she currently suffers from nerve damage, bone spurs, and plantar fascia problems in the right foot as a result of her service-connected right ankle disorder. 

At the time of the June 2015 videoconference hearing, the Veteran indicated that she was submitting a report which would demonstrate a relationship between her service-connected knee disorders and her low back disorder. While reference was made to the report, the actual report has not been associated with the record. 

A December 2014 VA examination report regarding the claimed back condition includes an opinion as to whether it was at least as likely as not that the Veteran's low back disorder was related to her period of service and/or caused by or a result of her service-connected bilateral knee disorder. 

With regard to the secondary service connection claim, the examiner stated that it was less likely than not (less than 50% probability) proximately due to or the result of the Veteran's service connected bilateral knee disability. The examiner noted that following the Veteran's military service, she developed low back pain associated with heavy lifting and bending in her work as a machinist. She had a lot of back stiffness and strain. The examiner further observed that in 1998, the pain became more of a problem when she worked as a heavy equipment operator, and, that in 2008, she had more low back pain. The examiner noted that lumbar spine x-rays in 2008 and a MRI in 2010 showed degenerative disc disease. The examiner stated that the Veteran's back pain began prior to her bilateral knee conditions and it was more likely than not that her low back degenerative disc disease was related to effects of her heavy physical work such as repeated heavy lifting as a machinist. 

Unfortunately, the December 2014 VA examiner did not address the question of aggravation of the low back disorder by the service-connected knee disorders. Moreover, based upon the Veteran's testimony, an opinion should be obtained with regard to the whether the Veteran's service-connected right ankle disorder caused and/or aggravated her current low back disorder. 

The Veteran maintains that her current alcohol abuse (which has been described as being in remission) is related to her service-connected PTSD. At her June 2015 hearing, the Veteran testified that she attended AA and NA meetings and that she saw a therapist on a regular basis and belonged to a women's support group at the VA Mental Health Center. 

Given the above, additional opinions must be obtained with regard to all three issues currently on appeal. 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the record a copy of the report from Dr. Lao concerning the relationship between the Veteran's service-connected knee disorder and her low back disorder, identified and referenced at the time of the June 2015 hearing, but not yet been associated with the record. 

2. Obtain and associate with the record copies of all VA treatment records from all identified VA facilities from April 2015 to the present. 

3. As it relates to the low back disorder, return the record to the examiner who provided the December 2014 opinion with regard to the etiology of any current back disorder. Following a review of the record, the examiner is to render the following opinions: 

a. Is it at least as likely as not (probability of 50 percent or greater) that the Veteran's current low back disorder is due to or the result of his service-connected right ankle disorder? 

b. Is it at least as likely as not that the Veteran's current low back disorder is aggravated (permanently increased in severity beyond the natural course of the disorder) either by his service-connected right ankle disorder or bilateral knee disorders? If aggravation is found, to the extent that is possible, the examiner is requested to provide an opinion as to approximate baseline level of severity of the nonservice-connected disorder before the onset of aggravation.

Complete detailed rationale is requested for each opinion that is rendered

4. As it relates to the right foot disorder, the Veteran should be scheduled for a VA examination to determine the nature and etiology of any current right foot disorder. All indicated tests and studies should be performed and all findings should be reported in detail. The entire record must be made available to the examiner. The examiner is requested to offer the following opinions: 

a. Is it at least as likely as not (50 percent probability or greater) that any current right foot disorder, if found, had its onset in service or is otherwise related to the Veteran's service?

b. Is it as likely as not (50 percent probability or greater) that any current right foot disorder is caused by the service-connected right ankle disorder?

c. If not, is it at least as likely as not (50 percent probability or greater) that any current right foot disorder is aggravated (permanently worsened) by the service-connected right ankle disorder? If aggravation is found, to the extent that is possible, the examiner is requested to provide an opinion as to approximate baseline level of severity of the nonservice-connected disorder before the onset of aggravation.

Complete detailed rationale is requested for each opinion that is rendered

5. As it relates to the claim of service connection for alcohol abuse, the record should be forwarded to a competent expert in psychiatric disorders. The Veteran need not be scheduled for individual examination unless the examiner determines such examination is necessary to comply with the terms of this remand. The examiner must review the entire record and should note that review in the report. Thereafter, the examiner is requested to address the following questions: 

a. Is it at least as likely as not (probability of 50 percent or greater) that the Veteran's alcohol abuse is due to or the result of PTSD? 

b. Is it at least as likely as not that the Veteran's alcohol abuse is aggravated (permanently increased in severity beyond the natural course of the disorder) by her PTSD? 

If the examiner determines no causal relationship exists between the Veteran's PTSD and alcohol abuse, the examiner must provide a clear rationale as to why such a relationship does not exist with this specific veteran. A complete rationale must be given for all opinions and conclusions expressed.

6. Following the completion of the above to the extent possible, the RO should readjudicate the remaining claims on appeal. If any benefit sought on appeal remains denied, the Veteran and her representative should be furnished a supplemental statement of the case, and should be given the opportunity to respond thereto before the case is returned to the Board

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).